

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00175-CR

ADAM CLEMENTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1274535D, Honorable George W. Gallagher, Presiding

April 19, 2016

OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Contrary to his plea of not guilty, appellant Adam Clementson was convicted by a jury of the third-degree felony offense of assault on a public servant.[1] Punishment was assessed at five years of imprisonment, suspended in favor of two years of community supervision. Through one point of error, appellant contends the trial court erred in its charge to the jury. We will affirm the court's judgment.

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2015).

Background

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we will recite only those facts necessary for an understanding of his appellate issue.

The indictment alleged appellant intentionally or knowingly caused bodily injury to a Fort Worth police officer, Boyd Latham, by charging, pushing or grabbing him while the officer was lawfully discharging an official duty and appellant knew he was a public servant.

At trial, witnesses testified appellant was at a Fort Worth bar with a friend. Both were intoxicated. Appellant's friend became belligerent and the manager asked appellant and his friend to leave. The manager summoned Lieutenant Latham and Detective Gary Hawley, the two uniformed off-duty police officers working at the bar, to escort the two men out. On their way out, an altercation occurred and appellant "charged" at Latham, causing Latham's head to hit a window in a nearby wall. Appellant's defensive theory at trial, as he himself testified, asserted he was acting only to protect his friend during a bar fight and did not know Latham was a police officer. Video recordings from security cameras of the incident were admitted into evidence.

The guilt-innocence stage jury charge instructed the jury on the presumption set out in Penal Code section 22.01(d).[2] The instruction read:

---

[2] TEX. PENAL CODE ANN. § 22.01(d) (West 2015).

The defendant is presumed to have known the person assaulted was a public servant if he was wearing a distinctive uniform or badge indicating his employment as a public servant.

The charge also included an instruction in accordance with Penal Code section 2.05(a)(2).[3]

Appellant raised objections to the charge, including an objection to the language from the section 22.01(d) instruction reading "[t]he defendant is presumed to have known . . . ." He argued the language indicates a mandatory presumption, and requested the instruction instead read "may be presumed to have known." The trial court overruled appellant's objections.

---

[3] If the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;
(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;
(C) that even though the jury may find the existence of such element, the State must prove beyond a reasonable doubt each of the other elements of the offense charged; and
(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

TEX. PENAL CODE ANN. § 2.05(a)(2) (West 2015).

The trial court also instructed the jury on the statutory defense of mistake of fact, and the justification of protection of a third person. TEX. PENAL CODE ANN. §§ 8.02, 9.33 (West 2015).

Analysis

Through one point of error, appellant renews his contentions challenging the instructions regarding the presumption arising from the fact Latham was in uniform when appellant charged, pushed or grabbed him.

A person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2015). This offense is a third-degree felony if it is committed against a person the actor knows is a public servant while the person is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant. TEX. PENAL CODE ANN. § 22.01(b)(1). "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as an officer, employee, or agent of government. TEX. PENAL CODE ANN. § 1.07(a)(41)(A) (West 2015). The actor is presumed to have known the person assaulted was a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant. TEX. PENAL CODE ANN. § 22.01(d); *Ford v. State,* No. 13-07-00250-CR, 2009 Tex. App. LEXIS 2462, at *14-15 (Tex. App.—Corpus Christi April 7, 2009, no pet.) (mem. op., not designated for publication).

When reviewing claims of jury-charge error, we first determine whether error actually exists in the charge. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and appellant objected to the error at trial, we then determine whether the error caused sufficient harm to require reversal. *Id.; Almanza v. State,* 686

4

S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005).

Mandatory presumptions are unconstitutional because they relieve the State of its constitutionally-required burden of proving guilt beyond a reasonable doubt. *Francis v. Franklin*, 471 U.S. 307, 317, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 524, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979); *Willis v. State,* 790 S.W.2d 307, 309 (Tex. Crim. App. 1990). A permissive presumption, on the other hand, permits but does not require the fact finder to find the elemental fact on proof of the predicate fact, and places no burden on the accused to disprove the elemental fact. Because permissive presumptions do not alter the State's burden of proof, they are constitutional, provided the connection between the predicate and elemental facts is a rational one. *Ulster County Court v. Allen*, 442 U.S. 140, 157, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979); *Willis,* 790 S.W.2d at 310. To address these constitutional concerns, a jury charge containing a statutory presumption that benefits the State must also contain the instruction required by Penal Code section 2.05(a)(2). *Hollander v. State*, 414 S.W.3d 746, 754 (Tex. Crim. App. 2013) (Cochran, J., concurring); Tᴇх. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 2.05; *see Willis,* 790 S.W.2d at 310 (Legislature enacted section 2.05 to specify procedural consequences of a presumption and "to satisfy . . . constitutional strictures") (citation omitted).

In support of his point of error, appellant argues two propositions. First, he reiterates his contention the instruction derived from Penal Code section 22.01(d) states a mandatory presumption because it told the jury appellant "is presumed to have known" Latham was a public servant because he was in uniform. The State argues

5

appellant's contention is answered in the negative by the Court of Criminal Appeals' opinion in *Willis*, 790 S.W.2d at 310, and we agree. The instructions given here are like those addressed in *Willis*. Accordingly, we find the presumption on which the jury was instructed was permissive, not mandatory. *Id. (citing Bellamy v. State,* 742 S.W.2d 677, 682 (Tex. Crim. App. 1987) and stating, "as long as Section 2.05 is adequately incorporated into the court's charge containing a presumption, that presumption will be construed to be 'permissive'").

Appellant also points to case law holding a party challenging the validity of a permissive presumption may succeed by demonstrating it is invalid "as applied to him." *Willis,* 790 S.W.2d at 311 (quoting *Allen*, 442 U.S. at 157). In *Allen*, the Supreme Court noted that a permissive presumption affects the application of the beyond a reasonable doubt standard "only if, under the circumstances of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference." 442 U.S. at 157. *See also Bellamy,* 742 S.W.2d at 682 (quoting a test asking whether "it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend") (citation omitted).

Knowledge may be inferred from circumstantial evidence and proof of a culpable mental state almost invariably depends on circumstantial evidence. *Tottenham v. State,* 285 S.W.3d 19, 28, (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citations omitted). Appellant contends the required rational connection between the predicate fact (Latham was in uniform) and the elemental fact (appellant knew he was a police officer) does not exist in this case because there is no evidence appellant actually noticed Latham's uniform. Appellant testified he did not see the person he was encountering at the time

6

of the altercation was wearing a uniform and did not know he was an officer. We cannot agree with appellant that his testimony denying such knowledge renders the jury's implicit acceptance of the statutory presumption irrational. The evidence bearing on the question was not limited to appellant's testimony, and the jury received evidence that permitted a rational fact finder to make the connection between Latham's distinctive uniform and badge and appellant's knowledge of his status as an officer.

A photograph in evidence shows Latham in his uniform, consisting of dark blue pants and a dark blue shirt, with a badge over his left shirt pocket, insignia on both upper arms near the shoulder and chevron-shaped gold stripes beneath the insignia on both arms. The security video shows Latham in uniform and also clearly depicts the holstered gun on Latham's belt. Latham testified he and the other officer with him were "[i]n a full uniform, police uniform. The only difference between what I was wearing then and what I'm wearing now is I had stripes on my shoulders, gold stripes on my shoulders."

A witness testified appellant was a regular customer of the bar. Hawley testified officers typically sat at the bar's street-level entrance.

The altercation occurred in the bar's upstairs area. There was evidence, however, of earlier contact between appellant and the uniformed officers at the street-level entrance. Asked if he noticed the two police officers when he walked into the bar, appellant responded, "It didn't register, but I walked by them. I would have said hello. I say hello to everybody when I walk into a bar or a police officer." He further said, however, that he did not remember seeing the officers at the front door. Latham

7

testified he "believed" he had seen appellant before the night of the incident. Asked if appellant recognized Latham when he entered the bar that night, Latham responded, "I don't know if he recognized me, but we spoke briefly."

The security videos also provide probative evidence. One video depicts a discussion occurring after the officers' arrival in the upstairs bar area and shortly before the altercation. Appellant and his friend appear as participants in the discussion, as well as the bar manager and the officers. The video's time record indicates some eighteen seconds expired between the beginning of the discussion that included the officers and the beginning of Hawley's effort to escort appellant's friend outside. While appellant testified that "It -- it did not register at all that that was a police officer, at all[,]" he also acknowledged that, looking at the video at trial, he "[a] hundred percent, I can agree with that now, yes" that it was obvious Latham was a police officer.

Evidence that shows the appearance of Latham's uniform, that appellant was a regular customer of a bar that employed officers, that he spoke with Latham at the bar's entrance that night, that the officers were summoned to escort appellant and his friend outside, that appellant was standing with his friend during their face-to-face discussion when Hawley twice issued "verbal commands" to the friend to begin walking out all support a conclusion the presumption stated in Penal Code section 22.01(d) is rational as applied to appellant's knowledge Latham was a police officer. Latham's testimony denying his knowledge and evidence the bar was loud, moderately crowded and somewhat dark do not negate the conclusion. *See Willis,* 790 S.W.2d at 312 (also finding rational application of statutory presumption under consideration there); *cf. Flores v. State*, Nos. 01-10-00531-CR, 01-10-00532-CR, 01-10-00534-CR, 2013 Tex.

8

App. LEXIS 1809, at *77-78 (Tex. App.—Houston [1st Dist.] Feb. 26, 2013, pet. ref'd) (mem. op., not designated for publication) (no error in instruction on presumption arising from distinctive police uniform).

The court's instruction is thus constitutional as applied to appellant, and the trial court did not err by including it in the charge. We overrule appellant's point of error and affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.