

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00253-CR

---

ANDREW RYAN ALSTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 31103B, Honorable Titiana Frausto, Presiding

---

December 19, 2024

## OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Andrew Ryan Alston, appeals from his conviction for the offense of aggravated sexual assault of a child[1] and sentence of twenty years' incarceration. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a).

**BACKGROUND**

Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we will only discuss those facts necessary to understand his appellate issues. *Clementson v. State*, 492 S.W.3d 802, 804 (Tex. App.—Amarillo 2016, pet. ref'd). Appellant was charged with the first-degree felony offense of aggravated sexual assault of a child. When the matter was called for trial, Appellant entered a plea of guilty without the benefit of a plea bargain. Appellant was found guilty by the trial court and sentenced to twenty years' incarceration. Immediately after sentencing, the trial court asked Appellant, "In regards to your court costs and fees, do you have the ability to pay those amounts up front today?" Appellant replied, "No, ma'am." The court then asked, "If I delay your repayment obligation until such time of your release on parole, do you believe once you're released, you'll be able to at least get set up on a repayment schedule until you can fully pay off what you owe?" Appellant responded, "Yes." The judgment provides that court costs and reimbursement fees are assessed based on the "Bill of Costs." The bill of costs includes a "time payment fee" of $15 and also notes that "other fees may be applied at a later date . . . ." Two days after sentence was imposed, the trial court entered "Indigency Findings and Orders" pursuant to article 42.15, in which it found:

> The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.
>
> The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence. If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

2

Appellant does not challenge his conviction or sentence; rather, he presents eight issues complaining of the potential that fees may be assessed at a later date (issues one and two), the assessment of a time payment fee (issues three and four), and alleged errors arising under article 42.15 of the Texas Code of Criminal Procedure (issues five through eight).

## ISSUES ONE AND TWO: FUTURE FEES

By his first two issues, Appellant contends that the trial court abused its discretion by ordering him to pay court-appointed attorney's fees in the absence of record evidence demonstrating his ability to pay and that it was error for the clerk to assess court-appointed attorney's fees in the bill of costs. The State contends that, since no court-appointed attorney's fees were assessed, Appellant's challenge to the possibility that attorney's fees may be assessed in the future is not ripe for review.

Article 26.05(g) of the Texas Code of Criminal Procedure provides that, if the trial court determines a defendant has financial resources to offset in part or in whole the costs of legal services, the trial court shall order the defendant to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g). But, when a defendant is declared indigent, unless his financial resources experience a material change, he is presumed to remain indigent for the remainder of the proceeding. *Id.* art. 26.04(p); *see Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd) (holding that trial court erred in ordering indigent defendant to pay court-appointed attorney's fees in absence of evidence of material change in financial resources). And, when the trial court has determined that a defendant is indigent, we are required to delete a statement in a certified bill of costs

3

authorizing the assessment of attorney's fees at a later date when such statement is unsupported by evidence of a material change in financial circumstances. *Tatum v. State*, No. 12-19-00380-CR, 2020 Tex. App. LEXIS 8562, at *4 (Tex. App.—Tyler Oct. 30, 2020, no pet.) (mem. op.); *Asberry v. State*, No. 06-19-00223-CR, 2020 Tex. App. LEXIS 1961, at *2 (Tex. App.—Texarkana Mar. 6, 2020, no pet.) (mem. op., not designated for publication).

In the present case, Appellant was not represented at trial by appointed counsel. Consequently, the record does not include a trial court finding under article 26.05(g) that Appellant was indigent. Neither has the trial court, in its judgment, nor the district clerk, in the certified bill of costs, expressly ordered Appellant to pay a specified amount of court-appointed attorney's fees. However, Appellant contends that it is error for the clerk to have included a statement in the bill of costs that "other fees may be applied at a later date," specifically referencing attorney's fees as one type of those potential fees. Because the record does not reflect that the trial court has found Appellant to be indigent for purposes of article 26.05(g), we are not obliged to delete a statement in the bill of costs authorizing the assessment of attorney's fees at a later date. *See Tatum*, 2020 Tex. App. LEXIS 8562, at *4; *Asberry*, 2020 Tex. App. LEXIS 1961, at *2. As the only attorney's fees that could be added that would be supported by the record would be appellate attorney's fees, we conclude that this issue is not ripe for review. *See Petetan v. State*, 622 S.W.3d 321, 334 (Tex. Crim. App. 2021) ("An issue is ripe when the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. Thus, the ripeness analysis focuses on whether a case

4

involves uncertain or contingent future events that may not occur as anticipated or may not occur at all." (internal quotation marks omitted)).

Because the trial court did not order Appellant to repay court-appointed attorney's fees, we overrule Appellant's first issue. Further, because the statement in the bill of costs referencing the potential that attorney's fees could be added in the future is not ripe for review, we overrule Appellant's second issue.

### ISSUES THREE AND FOUR: TIME PAYMENT FEE

By his third issue, Appellant contends that the time payment fee authorized by article 102.030 of the Texas Code of Criminal Procedure is unconstitutional. He argues in his fourth issue that assessment of the fee is premature and should be deleted without prejudice to subsequent assessment. The State concedes that the fee is prematurely assessed.

We address Appellant's fourth issue first. The Court of Criminal Appeals has held that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). If an appeal has been timely perfected, a time payment fee is premature if assessed before appellate mandate issues and should be stricken in its entirety, without prejudice to refiling should such fee become ripe. *Id.* Thus, in the present case, we agree with Appellant that the time payment fee must be struck from the bill of costs. We sustain Appellant's fourth issue.

However, because we have stricken the time payment fee as prematurely assessed, we do not address Appellant's third issue challenging the constitutionality of article 102.030. *See id.* at 133 n.29. We are directed to avoid adjudicating constitutional

5

issues when at all possible. *Id.* (citing *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006)). Whether the time payment fee will be reimposed later is speculative at this point because Appellant could avoid the statutory conditions for imposing the fee by paying his monetary obligations in a timely manner. *Id.*; *see Anthony v. State*, No. 07-22-00161-CR, 2023 Tex. App. LEXIS 4534, at *3 (Tex. App.—Amarillo June 27, 2023, no pet.) (mem. op., not designated for publication) (after time payment fee deleted as premature, constitutional challenge to fee is not ripe for review). Until such time as Appellant is obligated to pay the time payment fee, he may not challenge the constitutionality of article 102.030. We overrule Appellant's third issue.

### ISSUES FIVE THROUGH EIGHT: TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 42.15

Appellant presents multiple issues relating to the trial court's failure to conduct an on-the-record inquiry into his ability to pay fees and costs. He couches these issues in terms of a due process violation (issue five), an abuse of discretion (issue six), evidentiary insufficiency (issue seven), and unconstitutionality of article 42.15 as applied to Appellant (issue eight).

Article 42.15 of the Texas Code of Criminal Procedure provides that "during or immediately after imposing a sentence . . ., a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine or costs . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). Nothing in the statute dictates the nature or extent of the inquiry required for the trial court to discharge this obligation. Likewise, we have been unable to find any judicial determination of the sufficiency of the inquiry necessitated by article 42.15.

6

When construing a statute, the cardinal principle is to implement the will of the Legislature. *Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013). "In construing statutory language, we always begin with the literal text, reading it in context and construing it according to the rules of grammar and common usage." *Id.* We may consult dictionaries to determine the common usage of a word where the word is not defined by the Legislature in the statute itself and does not have a technical meaning. *Id.* "If, having implemented these basic canons of statutory construction, we find that the statutory language is plain on its face, we are ordinarily constrained to adhere to the plain import of that statutory language, regarding it as the definitive indicium of the legislative intent." *Id.*

The word "inquire" in article 42.15 is neither defined by the Legislature in the statute nor does it have a technical meaning. In common usage, it means "to ask about" or "to search into." *Inquire*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th Ed. 2003).

Immediately after imposing sentence, the trial court asked Appellant, "[i]n regards to your court costs and fees, do you have the ability to pay those amounts up front today?" Appellant responded that he did not. The trial court then inquired about whether Appellant would be able to repay costs and fees upon his release and Appellant stated that he would. Ascribing the common usage to the word "inquire" as used in article 42.15, we conclude that the trial court did "inquire on the record whether [Appellant had] sufficient resources or income to immediately pay all or part of the fine or costs." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). Thus, we conclude that the trial court fulfilled its obligation under article 42.15.

7

Each of Appellant's fifth through eighth issues depends on a determination that the trial court did not make an on-the-record inquiry into Appellant's ability to pay any fine and costs.  Since we have determined that the trial court did make such an inquiry, we overrule Appellant's fifth through eighth issues.

## CONCLUSION

We affirm the judgment of the trial court but modify the bill of costs to delete the $15 time payment fee.

Judy C. Parker
Justice

Publish.