

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00313-CR

---

SALLIE ANN PORTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 083594-D-CR, Honorable Steven Denny, Presiding

---

March 12, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Sallie Ann Portillo, appeals from her conviction for the offense of deadly conduct, discharge of a firearm[1] and sentence of eight years' incarceration and a $1,000 fine. Appellant does not challenge her adjudication of guilt or sentence; rather, she presents one issue contending that the trial court erred by ordering her to pay court-appointed attorney's fees upon her release from prison. The State concedes error and

---

[1] *See* TEX. PENAL CODE ANN. § 22.05(b).

does not oppose the relief sought by Appellant. We modify the judgment and bill of costs and affirm the judgment as modified.

## BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence to support her conviction, we will only discuss those facts necessary to understand her appellate issues. *Clementson v. State*, 492 S.W.3d 802, 804 (Tex. App.—Amarillo 2016, pet. ref'd). Appellant was charged with the third-degree felony offense of deadly conduct, discharge of a firearm. After finding Appellant indigent, the trial court appointed her counsel. On January 31, 2024, when the matter was called for trial, Appellant entered a plea of guilty in exchange for a recommended sentence of three years of deferred adjudication community supervision and a probated $1,000 fine. This recommendation was accepted by the trial court, which entered a corresponding order of deferred adjudication. On August 20, 2024, the State filed a motion to proceed to adjudication of guilt on the original charge. The trial court again found Appellant indigent and appointed counsel. When the motion was called for hearing, Appellant pleaded true to the alleged violations. Following the hearing, the trial court entered judgment adjudicating Appellant guilty and sentencing her to eight years' incarceration and a $1,000 fine. The judgment further ordered Appellant to pay court costs in accordance with an attached bill of costs, which included $700 for attorney's fees. Appellant timely perfected her appeal, and the trial court once again appointed counsel for Appellant.

2

## ANALYSIS

By her sole issue, Appellant contends that the trial court abused its discretion by ordering her to pay court-appointed attorney's fees upon her release. The State concedes that the judgment should be reformed to remove the order that Appellant repay attorney's fees.

Article 26.05(g) of the Texas Code of Criminal Procedure provides that, if the trial court determines a defendant has financial resources to offset in part or in whole the costs of legal services, the trial court shall order the defendant to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g). But, when a defendant is declared indigent, unless her financial resources experience a material change, she is presumed to remain indigent for the remainder of the proceeding. *Id.* art. 26.04(p); *see Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd) (holding that trial court erred in ordering indigent defendant to pay court-appointed attorney's fees in absence of evidence of material change in financial resources). And, when the trial court has determined that a defendant is indigent, we are required to delete a statement in a certified bill of costs authorizing the assessment of attorney's fees at a later date when such statement is unsupported by evidence of a material change in financial circumstances. *Alston v. State*, No. 07-24-00253-CR, 2024 Tex. App. LEXIS 8884, at *4 (Tex. App.—Amarillo Dec. 19, 2024, no pet. h.); *Asberry v. State*, No. 06-19-00223-CR, 2020 Tex. App. LEXIS 1961, at *2 (Tex. App.—Texarkana Mar. 6, 2020, no pet.) (mem. op., not designated for publication).

3

In the present case, Appellant was determined to be indigent throughout the proceedings, including at the time she was placed on deferred adjudication community supervision, after the State filed its motion to proceed to adjudication, and following her sentencing. There is no record evidence showing a material change in Appellant's financial circumstances. Consequently, the record does not support the judgment's assessment of $700 in attorney's fees to be paid in the future, and the judgment and bill of costs should be reformed to delete this assessment of attorney's fees. *Alston*, 2024 Tex. App. LEXIS 8884, at *4; *Asberry*, 2020 Tex. App. LEXIS 1961, at *2.

We reform the judgment to delete its statement that, "The Court FINDS that Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant." Likewise, we reform the bill of costs to delete the assessment of $700 for attorney's fees.

Further, the State identifies an erroneous statement contained within the judgment. The judgment states, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." This statement is not supported by the record. In fact, the *Trial Court's Certification of Defendant's Right of Appeal* indicates that this "is not a plea-bargain case, and the defendant has the right of appeal . . . ." This statement is supported by the record. "The Texas Rules of Appellate Procedure give us authority to reform judgments and correct typographical errors to make the record speak the truth." *Torres v. State*, No. 07-13-00179-CR, 2014 Tex. App. LEXIS 2664, at *4–5 (Tex. App.—Amarillo Mar. 7, 2014, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2, and *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc)). We reform the

4

judgment to delete the statement, "APPEAL WAIVED.  NO PERMISSION TO APPEAL GRANTED."

## CONCLUSION

We reform the judgment and bill of costs as indicated above and affirm the judgment as reformed.

Judy C. Parker
Justice

Do not publish.